### DEIBEL v BRAGG et

Ohio Appeals, 9th District, Wayne County.

No. 1060. Decided May 14, 1940.

Raymond O. Morgan, Wooster, for appellant.

Charles C. Jones, Wooster, for appellees.

### OPINION

By STEVENS, J.

This is an appeal on questions of law.

Plaintiff (appellant) filed his bill of particulars against defendants (appellees) in the court of A. L. Comstock, justice of the peace in and for Baughman township, Wayne county, Ohio, praying for judgment for $44.59 and interest against defendants, who were residents of Chippewa township. With the bill of particulars an affidavit in attachment was filed, seeking to attach the personal earnings of defendants; and also an undertaking in attachment, whereby plaintiff and Elmer P. Deibel bound themselves to only one

of the defendants (G. Glenn Bragg), was filed.

A summons and order of attachment was issued to the constable of Baughman township and by him served upon the defendants in Chippewa township, and said constable attached an automobile under said order of attachment, although his return does not so show. The justice rendered judgment against both of said defendants for the amount claimed.

Appeal on questions of law to the Common Pleas Court of Wayne county resulted in a reversal of the judgment of the justice and the entry of final judgment in favor of defendants, for the reason that the attachment proceedings were found to be fatally defective. This appeal was then taken by plaintiff.

The following sections govern the jurisdiction of justices of the peace over persons nonresident of the township where the justice was elected:

"Section 10223: Unless otherwise directed by law, the jurisdiction of justices of the peace in civil cases, is limited to the township wherein they have been elected, and wherein they reside. No justice of the peace shall hold court outside of the limits of the township for which he was elected."

"Section 10224: Justices of the peace within and co-extensive with their respective counties shall have jurisdiction and authority: * * *

"7. To issue attachments and proceed against the goods and effects of debtors in certain cases, except that in Cuyahoga, Mahoning and Franklin counties the jurisdiction and authority in such cases is co-extensive only with the township for which the justice was elected. When such justice has jurisdiction of the defendant because he resides in the township for which the justice was elected or otherwise as provided in the next following section, his jurisdiction in attachment shall be co-extensive with the county. * * *" (Emphasis ours.)

"Section 10225: Except as provided in the next preceding section no householder or freeholder of the county shall be held to answer a summons issued against him by a justice in a civil matter in any township of such county other than the one where he resides, except in the cases following: * * *

"4. When the summons is accompanied with an order to attach property the jurisdiction is co-extensive with the county, except as otherwise specially provided. * * *"

Adams v Trepanier Lumber Co., 117 Oh St 298, syllabus 1, is authority for the proposition that where the jurisdiction of the justice over a nonresident of the township in which the justice was elected, is predicated upon the summons being accompanied by an order to attach property, and the attachment proceeding fails, any judgment rendered by the justice upon the merits of the case is void.

We are of the opinion that the attachment proceedings herein were defective in all of the respects enumerated by the Common Pleas Court, and in some other respects not enumerated. The judgment of the justice of the peace was therefore void, and the judgment of the Court of Common Pleas reversing that judgment and entering final judgment for defendants was proper.

Judgment affirmed.

WASHBURN, PJ., & DOYLE, J. concur.